[Tagged]



ORDERED in the Southern District of Florida on November 27, 2013.

Erik P. Kimball, Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                              CASE NO. 11-41585-EPK
                                                    CHAPTER 7
ELIZABETH LAW WENDT,

    Debtor.
_____/
ELIZABETH LAW WENDT,

    Plaintiff,
v.                                                  ADV. PROC. NO.  12-02162-EPK

UNITED STATES OF AMERICA,

    Defendant.
_____/

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

THIS MATTER came before the Court for hearing on November 25, 2013 upon the

*United States' Motion for Summary Judgment* [ECF No. 23] (the "Motion").  For the reasons

that follow, the Court will grant the Motion and enter judgment in favor of the Defendant, the United States of America.[1]

**Background**

Elizabeth Law Wendt (the "Plaintiff") brought this adversary proceeding seeking sanctions and other remedies against the United States of America (the "United States" or the "Defendant") for alleged violations of the discharge injunction provided for in 11 U.S.C. § 524, after the Internal Revenue Service (the "IRS") attempted to collect the Plaintiff's unpaid federal income tax liability for the 2004 tax year following entry of discharge in the Plaintiff's chapter 7 case.

The Plaintiff's federal tax return for the year 2004 was due on April 15, 2005. The Plaintiff requested and received an extension until August 15, 2005 to file her tax return. She requested and received a second extension to October 15, 2005 to file her tax return. The Plaintiff did not file a federal tax return with the IRS for the 2004 tax year by the extended filing deadline. As a result, the IRS conducted an examination of Plaintiff pursuant to its delinquency investigation procedures, calculated Plaintiff's tax liability for the 2004 tax year, and issued Plaintiff a Notice of Deficiency in accordance with 26 U.S.C. § 6212. Plaintiff did not exercise her right to challenge the Notice of Deficiency within the applicable period. On February 28, 2008, the IRS assessed the tax for the 2004 tax year plus penalties and interest against Plaintiff based upon the unchallenged Notice of Deficiency. The assessment totaled $6,956.15.

In November 2008, long after the assessment and after the IRS began collection activities against her, the Plaintiff finally filed a federal tax return for the 2004 tax year.

---

[1] The Court stated at the close of the hearing that the Motion would be denied and the matter set for trial. However, after further consideration, including close review of the text of 11 U.S.C. § 523 in light of case law construing 2005 amendments to that provision, the Court determined that the proper resolution of the Motion is as set forth in this Order.

On February 16, 2009, apparently in light of the late return filed by the Plaintiff, the IRS abated portions of the tax in the amount of $5,856.04.

On August 13, 2009, Plaintiff entered into an installment agreement with the IRS to pay her federal tax liability for the 2004 tax year (among other tax liabilities). With regard to the taxes owing for the 2004 tax year, Plaintiff made nine (9) payments of $50.00 from April of 2011 until December of 2011.

The Plaintiff filed a chapter 7 petition with this Court on November 14, 2011. The Bankruptcy Court provided written notice to the IRS of the Plaintiff's bankruptcy petition. The Plaintiff's chapter 7 discharge was entered on March 20, 2012. After the filing of the Plaintiff's bankruptcy petition and prior to entry of discharge the IRS did not attempt to collect the Plaintiff's 2004 tax liability.

On October 1, 2012, after entry of discharge in the Plaintiff's chapter 7 case, the IRS mailed Plaintiff a notice regarding her unpaid federal income tax liability for the 2004 tax year. The notice indicated that the Plaintiff owed $388.75. As of July 29, 2013, the Plaintiff owed the United States $398.49 for the 2004 tax year, plus interest until paid in full.

The United States filed the present Motion on July 25, 2013. The Motion was previously set for hearing, the Plaintiff did not attend, and the Motion was granted for the reasons then stated on the record. The Plaintiff then filed a motion stating that she had not received notice of the initial hearing on the Motion.[2] The Court vacated the earlier order granting summary judgment in favor of the United States and set a new hearing on the Motion. That hearing was continued, upon motion by the Plaintiff, to November 25, 2013. The Plaintiff attended the hearing on November 25, 2013.

---

[2] The Defendant later confirmed that the notice of the initial hearing mailed to the Plaintiff was in fact returned as undeliverable.

At the hearing, the Plaintiff represented that she failed to file a return for the 2004 tax year by the extended deadline because papers necessary to prepare the return had been destroyed in multiple hurricanes, she was distracted caring for a seriously ill friend and dealing with an IRS audit covering multiple tax years, and she suffered from health difficulties requiring significant dental work.  The Plaintiff had no explanation for why, after seeking and obtaining two extensions of the deadline for her tax return, she did not communicate with the IRS in any manner and simply failed to take further action in connection with her 2004 taxes until several years later, after the IRS had assessed the tax and begun collection activity.

**Summary Judgment Standard**

Federal Rule of Civil Procedure 56(a), made applicable to this matter by Federal Rule of Bankruptcy Procedure 7056, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).  In considering a motion for summary judgment, the Court must construe all facts and draw all reasonable inferences in the light most favorable to the non-moving party.  *Id.*

The moving party has the burden of establishing that there is an absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 323.  Once the moving party meets that burden, the burden shifts to the non-movant, who must present specific facts showing that there exists a genuine dispute of material fact. *Walker v. Darby*, 911 F.2d 1573, 1576 (11th Cir. 1990) (citation omitted).  "A mere 'scintilla' of evidence supporting the opposing party's

position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Id.* at 1577 (*citing Anderson*, 477 U.S. at 252).

At the summary judgment stage, the Court will not weigh the evidence or find facts; rather, the Court determines only whether there is sufficient evidence upon which a reasonable juror could find for the non-moving party. *Morrison v. Amway Corp.*, 323 F.3d 920, 924 (11th Cir. 2003).

**Analysis**

Section[3] 523(a) reads, in pertinent part:

> (a) A discharge under section 727…of this title does not discharge an individual debtor from any debt—
>
> > (1) for a tax or a customs duty—
> >
> > > (B) with respect to which a return, or equivalent report or notice, if required—
> > >
> > > > (i) was not filed or given;

The United States presents two arguments that the Plaintiff's tax liability for the 2004 tax year is excepted from discharge under section 523(a)(1)(B)(i). First, the United States argues that the Plaintiff's liability for 2004 taxes arose as a result of the IRS deficiency notice and assessment, made without benefit of a return, and so that liability is a debt with respect to which a return was not filed. This argument depends on the assumption that the Plaintiff's debt for 2004 tax results solely from the assessment by the IRS. Yet the Plaintiff's liability to the United States for income taxes arises as a result of statute. *See* 26 U.S.C. §§ 1, 61, 63. Whether or not a return is filed, and whether or not an assessment is made, a taxpayer with taxable income has an obligation to pay federal

---

[3] In this Order, the words "section" or "sections" refer to provisions of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, unless otherwise indicated.

income tax.  There is no doubt that such an obligation is a "claim" under section 101(5) and that a taxpayer's liability on such a claim is a "debt" under section 101(12).  It cannot reasonably be argued that a debtor who files a bankruptcy petition on or after January 1st of any year, and who had taxable income during the prior calendar year, is not subject to a claim of the United States for income taxes simply because no return is yet due and no assessment is yet made.  This initial argument made by the United States is not supported by the United States Code.  In any case, in light of the clear provisions of section 523 as amended in 2005, discussed more fully below, this initial argument is moot.

The second argument presented by the United States is that the Plaintiff's late-filed return was not an honest and reasonable attempt to satisfy the requirements of tax law, and so is not a return for purposes of section 523(a).  Prior to amendments to the Bankruptcy Code in 2005, courts had formulated a four prong test to determine whether a document submitted to the IRS constituted a "return" for purposes of section 523(a). This test, commonly known as the *Beard* test, comes from a tax court decision, *Beard v. Commissioner*, 82 T.C. 766, 777-78, *aff'd*, 793 F.2d 139 (6th Cir. 1986).  The *Beard* test has four requirements:

> First, there must be sufficient data to calculate tax liability; second, the document must purport to be a return; third, there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and fourth, the taxpayer must execute the return under penalties of perjury.

*Beard v. Commissioner*, 82 T.C. at 777-78.  In applying the *Beard* test in the bankruptcy context, courts generally focused on whether the late-filed tax return was an honest and reasonable attempt to comply with tax laws.

The Fourth, Sixth, and Seventh Circuits held that a late-filed return is not an honest and reasonable attempt to comply with tax laws under the *Beard* test, and so the related tax would not be discharged.  *Maroney v. United States (In re Maroney)*, 352 F.3d

6

902 (4th Cir. 2003); *United States v. Hindenlang (In re Hindenlang)*, 164 F.3d 1029 (6th Cir. 1999); *United States v. Payne (In re Payne)*, 431 F.3d 1055 (7th Cir. 2005). The Eighth Circuit took an opposing position. *Colsen v. United States (In re Colsen)*, 446 F.3d 836 (8th Cir. 2006) (applying pre-2005 law in light of the date of the petition). This was the state of the law until 2005.

In 2005, Congress passed the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). BAPCPA added to the end of subsection 523(a) a new, unnumbered paragraph. This hanging paragraph defines the term "return," solely for purposes of subsection 523(a), as "a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements)." A number of courts addressing exactly the issue before this Court, after the 2005 BAPCPA amendment, have held that a late filed return may never qualify as a return under subsection 523(a). *Casano v. IRS (In re Casano)*, 473 B.R. 504, 507-08 (Bankr. E.D.N.Y. 2012) (listing cases). The Fifth Circuit Court of Appeals so held in *McCoy v. Miss. State Tax Comm'n (In re McCoy)*, 666 F.3d 924 (5th Cir. 2012). This Court adopts the reasoning presented by the Fifth Circuit in *McCoy*.

In light of the now clear definition of the term "return" contained in subsection 523(a), the *Beard* test no longer applies in cases under section 523(a)(1)(B)(i). The Bankruptcy Code now explicitly requires that a "return," for purposes of subsection 523(a), is one that "satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements)." Section 6012(a)(1)(A) of the Internal Revenue Code requires any individual who has earned taxable income to file a federal income tax return. Section 6072 of the Internal Revenue Code provides that such return must be filed on or before April 15 following the close of the calendar year. A return filed after the applicable

deadline does not satisfy the filing requirements of the Internal Revenue Code and thus cannot be considered a "return" for purposes of subsection 523(a). It is hard to imagine Congress intended any other result.[4]

For the foregoing reasons, the Plaintiff's debt to the United States for taxes from the 2004 tax year was not discharged in her bankruptcy case, and the United States did not violate the discharge injunction by attempting to collect such amounts.[5] There are no material facts in dispute.

Accordingly, it is ORDERED AND ADJUDGED that the Motion [ECF No. 23] is GRANTED and the Court will enter judgment in favor of the Defendant, the United States of America.

###

Copies Furnished To:
Pascale Guerrier, Esq.

*Pascale Guerrier, Esq. is directed to serve a conformed copy of this Order on all appropriate parties and to file a certificate of service with the court.*

---

[4] It has been argued that the phrase "applicable filing requirements" in the definition of "return" in subsection 523(a) is intended to encompass provisions relating to the form of the return and the requirement that it be filed but that this phrase does not cover the timeliness of the filing. Other than a desire to avoid the possibly harsh result of excepting from discharge a tax debt for which a return was filed only slightly late, there is nothing in the statute to lead one to this tortured construction.

[5] Even if the Plaintiff's obligation to pay outstanding 2004 taxes was discharged in the Plaintiff's bankruptcy case, the Plaintiff failed to exhaust administrative remedies for any alleged violation of the discharge injunction prior to filing this adversary proceeding and so the Plaintiff cannot prevail in this adversary proceeding.